IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMOUN & NORMAN, LLP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.3:25-cv-423-N |
| | § | |
| GENERAL RADAR CORP., | § | |
| DMITRY TURBINER, JOHN DOE I, | § | |
| JOHN DOE II, | § | |
| | § | |
| Defendants. | § | |

---

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

---

Plaintiff Shamoun & Norman, LLP ("Plaintiff" or "S&N") respectfully files this Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand as follows:

## I.
### INTRODUCTION

1. Defendants General Radar Corp. and Dmitry Turbiner ("Turbiner") (collectively, "Defendants" or "GenRad") are recalcitrant rule breakers. Having admittedly missed both the Legislature's mandatory 30-day removal deadline, and this Court's 21-day response deadline to oppose Plaintiff's Motion to Remand (Plaintiff's "Remand Motion"), Defendants balk at being held accountable for their admitted failings.

2. Indeed, according to GenRad, their failings—and the consequences attendant thereto—are of no moment. That is so, they contend, because it was their counsel's fault, not their

own dereliction, which caused them to miss their filing deadlines.[1] In throwing their counsel under the proverbial bus, Defendants invoke the doctrine of "excusable neglect," which, in appropriate circumstances, permits courts to extend filing deadlines that were missed because of inadvertence or carelessness.

3.  In this case, however, not only have Defendants failed to cite any authority recognizing that doctrine's application in the removal/remand context, they did not—and cannot—demonstrate that doctrine should otherwise apply under the circumstances this case presents. To be sure, Defendant do not cite a single case, controlling or otherwise, applying the "excusable neglect" doctrine to cases, like this one, involving the Legislature's removal/remand statutes' mandatory filing deadlines.

4.  Accordingly, for these reasons, as well as those set forth more fully below and in Plaintiff's Remand Motion,[2] the Court should grant S&N's Remand Motion, remand this suit back to the 68th District Court in Dallas County, Texas, and award Plaintiff its reasonable and necessary attorneys' fees incurred because of GenRad's improper and untimely removal.

## II.
### ARGUMENT & AUTHORITIES

5.  Defendants' attempt to remove and retain S&N's suit before this Court rests first and foremost on their contention that "excusable neglect" negates their admitted non-compliance with the Legislature's mandatory 30-day removal deadline,[3] and this Court's 21-day response

---

[1] *But see Pioneer*, 507 U.S. 380, 397 (1993) ("[C]lients must be held accountable for the acts and omissions of their attorneys.") (citing *Link v. Wabash R. Co.*, 370 U.S. 66 (1962)).

[2] Plaintiff incorporates by reference for all purposes its Motion to Remand. [Dkt. No. 6]

[3] [Dkt. No. 13, Defs' Resp. at 5 ("Defendants acknowledge that the Notice of Removal was filed … after the deadline prescribed by 28 U.S.C. 1446(b).")]

deadline to oppose S&N's Remand Motion.[4]  As the parties seeking to invoke this Court's jurisdiction, GenRad bears the heavy burden of establishing the Court has authority to preside over this case.  *See Hazelton v. Union Pac. R.R. Co.*, 497 F. Supp. 2d 800, 802 (W.D. La. 2007) (recognizing federal district courts determining their diversity jurisdiction must construe the removal and remand statutes strictly against removal and strongly in favor of remand) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).  This GenRad did not, and cannot, do.

**A.    GenRad's Untimely Removal and Late-Filed Opposition to S&N's Remand Motion.**

6.     Because the filing timeline is ultimately dispositive of S&N's Remand Motion, S&N sets out that timeline below.

   **1.    *State-Court Filings.***

7.     S&N filed suit against GenRad on December 27, 2024.  [Dkt. No. 9-4 at 2]

8.     S&N served GenRad with process on January 16, 2025.  [Dkt. No. 9-4 at 2]

9.     On February 7, 2025, GenRad filed their Original Answer.  [Dkt. No. 9-4 at 3]

10.    On February 19, 2025, one day before removing S&N's case to this Court, GenRad filed their First Amended Answer and Verified Denial.[5]  [Dkt. No. 6 at 6 n.4]

   **2.    *Federal-Court Filings.***

11.    On February 20, 2025—35 days after being served with S&N's Original Petition—GenRad filed their untimely Notice of Removal.  [Dkt. No. 1]

12.    On March 19, 2025, S&N timely filed its Remand Motion.  [Dkt. No. 6]

13.    On April 21, 2025—12 days after GenRad's deadline to file any response in opposition to S&N's Remand Motion—the Court ordered GenRad to file an amended removal

---

[4] [Dkt. No. 13, Defs' Resp. at 1 n.1 ("Defendants were unaware that no timely response to the Motion was filed.")]

[5] GenRad presumably filed their First Amended Answer and Verified Denial before their Notice of Removal to avoid having to respond to each of the allegations in S&N's Original Petition.  *See* FED. R. CIV. P. 8(b).

notice to correct their failure to include specific allegations of the citizenship of each of S&N's partners. [Dkt. No. 8]

14. On May 5, 2025—26 days after GenRad's deadline to file any response in opposition to S&N's Remand Motion—GenRad filed their Amended Notice of Removal. [Dkt. No. 9]

15. On May 12, 2025—33 days after GenRad's deadline to file any response in opposition to S&N's Remand Motion—the Court contacted GenRad's counsel, inquiring about: (1) whether/when Defendants intended to respond to S&N's Remand Motion,[6] and (2) how "Defendants plan to address Plaintiff's allegation that its citizenship is incorrectly alleged.[7] [Dkt. No. 13-1 at 8]

16. On May 28, 2025—49 days after GenRad's deadline to file any response in opposition to S&N's Remand Motion—GenRad filed their Response in Opposition to Plaintiff's Motion to Remand. [Dkt. No. 13]

**B.     GenRad's Failure to Establish "Excusable Neglect."**

17. Pursuant to the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time on [a] motion made after the time has expired if the party failed to act because of excusable neglect."[8] FED. R. CIV. P. 6(b)(1)(B) (emphasis added).   The Federal Rules of Appellate Procedure likewise have an

---

[6] GenRad contends their May 28, 2025 Response is timely because, on May 12, 2025, the Court inquired whether GenRad intended to oppose S&N's Remand Motion. [Dkt. No. 13 at 1 n.1 (citing Ex. A-1 (App. 005))] According to GenRad, the Court's inquiry constituted a *de facto* extension of their April 9, 2025 deadline timely to oppose S&N's Remand Motion.  S&N respectfully disagrees, as GenRad neither requested an extension of their opposition deadline before that deadline expired, nor do they offer any credible evidence to support an "excusable neglect" finding for their decision to wait 70 days from the date of S&N's Remand Motion to file their opposition to the same—and, even then, only after the Court's query.  *See* discussion *infra* Part II.B.2 at 6 ¶ 21.

[7] *See* discussion *infra* Part II.C. at 7-8.

[8] If an extension motion is filed "before the original time or its extension expires[,]" the court may, for good cause, extend the filing deadline "with or without motion or notice[.]"  FED. R. CIV. P. 6(b)(1)(A) (emphasis added).

"excusable neglect" exception. *See* FED. R. APP. P. 4(a)(5) ("The district court may extend the time to file a notice of appeal <u>if [the appellant's] motion</u> is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, [and] that party shows excusable neglect or good cause.") (emphasis added).

18.  In enacting the removal and remand statutes, however, the Legislature failed to provide such an "excusable neglect" exception to its mandatory filing deadlines. *See* 28 U.S.C. §§ 1446(b)(1) (requiring notice of removal to be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"), 1447(c) (requiring "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction [to] be made within 30 days after the filing of the notice of removal under section 1446(a).").

### 1. *Defendants Failed to Establish the "Excusable Neglect" Exception Applies to Removal Motions Pursuant to 28 U.S.C. § 1446(b).*

19.  Defendants cite only two cases in support of their contention that GenRad's untimely removal is "[j]ustified by [e]xcusable [n]eglect[.]" [Dkt. No. 13, Defs' Resp. at 4 Part II]  The first case is *Pioneer Investment Services Co. v. Brunswich Associates Limited Partnership*, 507 U.S. 380 (1993), a bankruptcy cases involving a creditor's untimely filing of a proof of claim after a court-ordered bar date. In *Pioneer*, the Supreme Court considered only "whether an attorney's inadvertent failure to file a proof of claim within the deadline set by the [bankruptcy] court [could] constitute 'excusable neglect' within the meaning of [Federal Rule of Bankruptcy Procedure 9006(b)(1)]."[9]  507 U.S. at 383.

---

[9] Like Federal Rule of Civil Procedure 6(b), Federal Rule of Bankruptcy Procedure 9006(b)(1) expressly incorporates the "excusable neglect" standard. *See Berardi v. Allstate Insurance Co.*, No. Civ. A. 05-2295, 2005 WL 3032503, at *2 n.2 (E.D. Pa. Nov. 9, 2005) (recognizing Federal Rule of Civil Procedure 6(b) is "the genesis of" Bankruptcy Rule 9006(b)(1)).

20.     The second case, *Berardi v. Allstate Insurance Co.*, is an unpublished Eastern District of Pennsylvania case, involving a plaintiff's untimely reply to a defendant's counterclaim under Federal Rule of Civil Procedure 12(a)(2).  No. Civ. A. 05-2295, 2005 WL 3032503 (E.D. Pa. Nov. 9, 2005).

21.     Neither case, however, involved a mandatory deadline prescribed by the Legislature, like the removal and remand statutes.  And, GenRad has cited no Supreme Court or Fifth Circuit authority demonstrating the "excusable neglect" standard applies to statutes such as 28 U.S.C. section 1446(b).[10]  Accordingly, as an initial matter, the Court should reject GenRad's so-called "excusable neglect" for failing timely to comply with the removal statute's mandatory 30-day filing deadline.

### 2.     *Even if the Excusable Neglect Exception Applies to Removals Under 28 U.S.C. § 1446(b), GenRad's Unsupported Explanation in Support of that Exception Fails.*

22.     Though GenRad contends its untimely filing resulted from its counsel's inadvertent calendaring error, Defendants offer no admissible evidence establishing that fact.  To be sure, GenRad's sole support for that contention is a single conclusory assertion in Turbiner's Declaration that "[t]he delay in filing the Notice of Removal was not due to any lack of attention or disregard for the proceedings, but rather was the result of [Defendants' counsel's] inadvertent mis-calendaring of the removal deadline."[11]  [Dkt. No. 13, Defs' Resp. Ex. B at 2 ¶ 6 (App. 016)]

---

[10] GenRad cites *Belser v. St. Paul Fire & Marine Ins. Co.*, 965 F.2d 5 (5th Cir. 1992) for the unremarkable (and irrelevant) proposition that the timeliness of removal is not a jurisdictional defect.  [Dkt. No. 13, Defs' Resp. at 6]  Though GenRad contends *Belser* supports "a finding of excusable neglect" in this case, that court nowhere mentions, much less applies, the excusable neglect standard.  *See generally Belser*, 965 F.2d at 5-9.  Moreover, on the merits, the *Belser* court found removal was untimely and, thus, remand was appropriate.  *Id.* at 7 ("The Defendants' petition for removal was untimely, and the Plaintiff's motion to remand was timely.  The district court should have remanded the case to state court on that ground.").

[11] S&N objects to, and moves to exclude, Turbiner's "mis-calendaring" statement as conclusory and lacking foundation.  *See* FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

But Turbiner does not identify who made the "mis-calendaring" error, the date when his counsel actually calendared the removal deadline, or when his counsel discovered the calendaring error. *Id.*

23. Moreover, and more importantly, Turbiner admits becoming "aware that the Notice of Removal was filed after the applicable deadline [when] Plaintiff raised the issue" in its Remand Motion, filed March 19, 2025. [*See* Dkt. No. 13, Defs' Resp. Ex. Turbiner Decl. at 1 ¶ 5 (App. 015)] Still, when they filed their First Amended Notice of Removal on May 5, 2025—76 days after the deadline to file its Removal Notice, and 47 days after S&N's Remand Motion—GenRad made no mention of their untimely removal; nor did they request an extension of that deadline. [Dkt. No. 6] In fact, to date, GenRad has still made no such motion.[12] [*See* Dkt. No. 13, Defs' Resp. at 1 n.1 (requesting only extension of their Response deadline)] Accordingly, to the extent it even applies, the Court should conclude Defendants failed to establish their untimely Notice of Removal warrants this Court's exercise of jurisdiction over S&N's suit because of GenRad's excusable neglect.

**C.     GenRad Still Has Not Alleged Sufficient Facts Establishing this Court's Diversity Jurisdiction.**

24. GenRad asserts in footnote 24 of its Response that "nothing in Plaintiff's Response [to Defendants' First Amended Notice of Removal] (Dkt. 10) changes the diversity analysis[,]" [Dkt. No. 13 at 19 n.24], vis-à-vis S&N's objection to GenRad's failure to plead facts sufficient to establish this Court's diversity jurisdiction over the lawsuit, [Dkt. No. 10 at 2 ¶ 4].

25. But in their First Amended Notice of Removal, GenRad avers: (1) "Plaintiff, Shamoun & Norman, LLP, is a limited liability partnership" with "two natural persons as partners:

---

[12] Even if Federal Rule of Civil Procedure 6(b) applied—it does not—the Court would not be authorized to extend the removal deadline because GenRad did not file an extension motion "after the time [for such motion] expired[.]" *See* FED. R. CIV. P. 6(b)(1)(B).

C. Gregory Shamoun and Brian K. Norman." [Dkt. No. 9 at 3 ¶¶ 9-10]  That pleading remains their live pleading and fails, on its face, to establish this Court's diversity jurisdiction, as it does not identify the partners of Plaintiff, Shamoun & Norman, LLP, in light of S&N's objection that C. Gregory Shamoun is not a partner of Plaintiff.  [Dkt. No. 10 at 2 ¶ 6 & Ex. B at 1]  Accordingly, on this basis alone, the Court should remand this case to the 68th District Court in Dallas County, Texas.

### III.
### CONCLUSION & PRAYER

For the reasons stated above and in Plaintiff's Motion to Remand, Plaintiff respectfully requests that the Court:  (1) grant Plaintiff's Motion to Remand, (2) remand this case to the 68th Judicial District Court of Dallas County, Texas, (3) award Plaintiff its attorneys' fees and costs incurred due to the improper removal, and (4) grant such other and further relief to which Plaintiff is justly entitled.[13]

---

[13] If, and to the extent, the Court reaches Defendants' contention that S&N's Original Petition fails to satisfy the applicable pleading standard for fraud, S&N respectfully moves the Court for an opportunity to amend its pleadings.

Respectfully submitted,

*/s/ Brian K. Norman*
**C. Gregory Shamoun**
State Bar No. 18089650
Email: g@snlegal.com
**Brian K. Norman**
State Bar No. 00797161
Email: bkn@snlegal.com
**Michael L. Hood**
State Bar No. 09943435
Email: mhood@snlegal.com
**SHAMOUN & NORMAN, LLP**
1800 Valley View Lane, Suite 200
Farmers Branch, Texas 75234
Telephone: (214) 987-1745
Facsimile: (214) 521-9033

**ATTORNEYS FOR PLAINTIFF**
**SHAMOUN & NORMAN, LLP**

## CERTIFICATE OF SERVICE

I certify I served a true and correct copy of *Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand* on all counsel of record via the court's electronic filing system on June 25, 2025:

*/s/ Michael L. Hood*
Michael L. Hood