IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMOUN & NORMAN, LLP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.3:25-cv-423-N |
| | § | |
| GENERAL RADAR CORP., | § | |
| DMITRY TURBINER, JOHN DOE I, | § | |
| JOHN DOE II, | § | |
| | § | |
| Defendants. | § | |

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES[1]

Pursuant to 28 U.S.C. section 1447(c) and the Court's January 7, 2026 Order [Dkt. No. 19], Plaintiff Shamoun & Norman, LLP ("***Plaintiff***") respectfully files this Motion for Attorneys' Fees and Expenses, respectfully showing as follows.

## I.
### RELEVANT BACKGROUND

Plaintiff filed suit against Defendants General Radar Corp. ("GenRad") and Dmitry Turbiner ("Turbiner) (collectively, "Defendants") on December 27, 2024, in the 68th District Court in Dallas County, Texas (the "State-Court Action"). [Dkt. No. 19 at 1]. Following Plaintiff's January 18, 2025 service of its Original Petition on Defendants, Defendants had 30 days—until February 18, 2025—to remove the State-Court Action to this Court. [Dkt. No. 19 at

---

[1] Before filing this Motion, Plaintiff's counsel, Brian K. Norman, conferred with Defendants' counsel of record to discuss a stipulation of Plaintiff's attorneys' fees and expenses. No agreement about the amount of Plaintiff's attorneys' fees and expenses could be reached.

2 (citing 28 U.S.C. § 1446(b))].  Defendants, however, did not file their Notice of Removal until February 20, 2025.  [Dkt. No. 1].

Defendants' removal notice alleged this case properly belonged in federal district court because:  (1) they were "removing the state-court action within thirty days of [] service[,]" [Dkt. No. 1 at 3 ¶ 8], (2) there was diversity of citizenship between Plaintiff and GenRad, [Dkt. No. 1 at 3 Part III.A], and (3) Plaintiff fraudulently joined Turbiner—a Texas citizen—"for the sole purpose to defeat diversity jurisdiction[.]"  [Dkt. No. 1 at 4 ¶ 13].

Plaintiff moved to remand the case because GenRad could not:  (1) "carry its threshold procedural burden to prove it timely removed the case," [Dkt. No 3 at 3 ¶ 3], and (2) "satisfy its heavy substantive burden of proving [Plaintiff] improperly joined [] Turbiner solely as a sham defendant to defeat this Court's diversity jurisdiction over Plaintiff's state-law claims against General Radar," [Dkt. No. 3 at 3 – 4 ¶ 3].

On January 7, 2026, this Court entered its Order:  (1) holding GenRad's removal was untimely and unexcused, (2) awarding Plaintiff its reasonable costs and expenses, including its attorneys' fees, (3) remanding the Lawsuit to the 68th District Court,[2] and (4) establishing the briefing schedule addressing the amount of Plaintiff's attorneys' fees.  [Dkt. No. 19].  This Motion timely follows.

## II.
### ARGUMENT & AUTHORITIES

The applicable removal statute authorizes this Court to "require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal."  28 U.S.C. § 1447(c). Controlling Fifth Circuit precedent holds attorneys' fees are appropriately awarded when "the

---

[2]  The Court's Order "orders that this action be remanded to the *168th* Judicial District Court of the State of Texas[.]"  [Dkt. No. 19 at 4].  The Court's Clerk's remand letter is addressed to the *68th* District Court.  [Dkt. No. 19-1].  The State-Court Action originated in the 68th District Court, Dallas County, Texas.

removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Groff Tractor Mid Atl., LLC v. Rubble Master Americas Corp.*, Civil Action No. 3:25-CV-197-L, 2025 WL 1532145, at *3 (N.D. Tex. May 28, 2025) (quoting *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004)). "The objective merits of removal are evaluated at the time of removal." *Id.* (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)).

## A.    Defendants Lacked Objectively Reasonable Grounds to Believe Their Removal Notice was Timely.

When Defendants filed their Notice of Removal on February 20, 2025, they alleged: (1) Plaintiff served its Original Petition and Citation on them "on January 16, 2025[,]"[3] and (2) they were "removing the state-court action within thirty days of such service." [Dkt. No. 1 at 3 ¶ 8]. Simple arithmetic, however, belies Defendants' timeliness contention. Indeed, Defendants now readily admit, as they must, they filed their Notice of Removal 2 days after the 30-day statutory removal deadline expired. [Dkt. No. 13 at 8].

Defendants blame their prior counsel for missing their removal deadline due to a calendaring error. [*See* Dkt. No. 13-1, Ex. A, Appx. at 015 ¶ 4 (Affidavit of Dmitry Turbiner) (testifying to relying "entirely on [counsel] to [be] advi[sed] of all applicable deadlines and to take the necessary steps to ensure compliance with all procedural requirements")]. Defendants, however, do not allege or otherwise establish their own due diligence under the circumstances—*e.g.*, (1) whether and, if so, when Defendants received a copy of the Notice of Removal identifying both the date of service and the 30-day statutory deadline therefrom, (2) whether and, if so, when Defendants inquired about the case's status, the go-forward strategy, and/or any pertinent filing

---

[3] Service was actually effectuated on January 18, 2025. [Dkt. No. 13 at 8 (citing Affidavits of Service at Appx. 008, 010)]. Whether served on January 16, 2025 or January 18, 2025, because of the federal holiday (George Washington's birthday) on Monday, February 27, 2025, the 30-day removal deadline expired Tuesday, February 18, 2025.

deadlines, or (3) whether and, if so, when Defendants' counsel actually calendared the removal deadline.

Without evidence of their own due diligence, Defendants' prior counsel's alleged miscalendering of the removal deadline is insufficient to excuse Defendants' untimely filing of their Notice of Removal.[4] *See, e.g.*, *Cueller v. Safeco Ins. Co. of Ind.*, No. 3:21-CV-01643-X, 2021 WL 3912799, at *1–2 (N.D. Tex. Sept. 1, 2021) (Starr, J.) ("Safeco admits that it inadvertently filed the removal late because Safeco's counsel and his assistant were on vacation, and the deadline was miscalendared. As such, the Court determines that Safeco has not established extraordinary circumstances necessary to warrant equitable tolling."). Accordingly, Defendants lacked an objectively reasonable basis for seeking removal at the time it did so. *See Groff Tractor Mid Atl., LLC*, 2025 WL 1532145, at *2 (Lindsay, J.) ("Defendant lacked objectively reasonable grounds to believe that its removal of this action was legally proper or timely" based on its mistaken belief Plaintiff's agreement to extend its time to file answer also extended the removal deadline); *Faizy v. Mesghali*, No. 3:17-CV-0927-B, 2017 WL 457446, at *3 (Boyle, J.) (N.D. Tex. Oct. 13, 2017) ("Defendants lacked an objectively reasonable basis for seeking removal at the time it did so" when it "used the wrong standard to determine [Defendant]'s citizenship in its Notice of Removal.").

Plaintiff, therefore, is entitled to an award of its reasonable and necessary attorneys' fees and expenses.

---

[4]  Indeed, if all that is required for a removing defendant to satisfy its due diligence burden is to—as here—retain new counsel after missing the removal deadline, and for that new counsel to blame the prior counsel for a calendaring error, there would be no incentive timely to remove a case within the 30-day statutory deadline.

**B.    Plaintiff is Entitled to Its Reasonable and Necessary Attorneys' Fees and Expenses.**

"In determining the appropriate award of attorney's fees," courts apply the lodestar method and the factors identified in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974)." *Groff Tractor Mid Atl., LLC*, 2025 WL 1532145, at *3. Under that method, "the [C]ourt first calculates the 'lodestar' amount, which is determined by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Id.* "The [C]ourt then determines whether the lodestar should be calculated upward or downward based on the circumstances in the case using" one or more of the 12 *Johnson* factors.[5] *Id.*

1.    ***Plaintiff is Entitled to Its Reasonable and Necessary Attorneys' Fees in the Amount of $65,456.25.***

In the Dallas-Fort Worth legal market, partners with over 20 years' experience bill up to $1,350.00 per hour, which is significantly lower than national rates, which exceed $2,000.00 per hours. Associates in the Dallas Fort-Worth legal market with over 20 years' experience bill up to $750.00 per hour, which is significantly lower than national rates, which exceed $1,000.00 per hour. *See* Exhibit A, Decl. of C. Gregory Shamoun at 3 ¶ 5.[6]

Throughout Plaintiff's engagement of the law firm Shamoun & Norman, LLP ("***S&N***") in the Lawsuit, S&N prepared regular statements of accounts setting forth and detailing the time and expenses incurred in rendering legal services (the "Invoices"). Decl. of C. Gregory Shamoun at 4 ¶ 11. The Invoices reflect a description of the legal services rendered by S&N in the Lawsuit, the identification of the individual who rendered such legal services, the hourly rates charged for such

---

[5] The *Johnson* factors are:  (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to properly perform the legal service; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of counsel; (10) the desirability of the case; (11) the duration and nature of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).

[6] Plaintiff incorporates by reference for all purposes the Declaration of C. Gregory Shamoun.

legal services, the fees associated with those legal services, and the reimbursable costs and expenses related to the rendering of those legal services.  True and correct copies of the Invoices are attached to Mr. Shamoun's Declaration as "Exhibit A-1."

The primary attorneys working on this case have been Brian Norman, a named partner at S&N, whose hourly rate is $1,000.00, and David Jefrie Mizgala, a senior associate whose hourly rate is $575.00.  Together they accounted for more than 85% of the attorney time billed.  Decl. of C. Gregory Shamoun at 5 ¶ 15.

The reimbursable attorneys' fees associated with the legal services rendered to, and incurred by, Plaintiff in the Lawsuit, is $65,456.25,[7] which are reasonable and necessary, and within the usual and customary rates with those normally charged by other attorneys with similar experience for similar matters in Dallas County, Texas, during the time periods that the work and services were in fact provided.  Decl. of C. Gregory Shamoun at 4 ¶ 13 & at 6 ¶ 16.

The tasks S&N performed were made necessary because of Defendants' removal of the State-Court Action from the 68th District Court, Dallas County, Texas.  Among other things, the tasks S&N performed, made necessary by Defendants, include: (1) research and analysis of removal issues; (2) review and analysis of Defendants' Notice of Removal [Dkt. No. 1] and First Amended Notice of Removal [Dkt. No. 9]; (3) research and drafting of Plaintiff's Motion to Remand [Dkt. No. 6] and Plaintiff's Response to Defendants' First Amended Notice of Removal [Dkt. No. 10]; (4) review and analysis of Defendants' Response in Opposition to Plaintiff's Motion to Remand [Dkt. No. 13]; (5) research and drafting of Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand [Dkt. No. 18]; (6) drafting the form Order for

---

[7] This amount is the amount billed by S&N from the time of removal on February 21, 2025 through January 20, 2026 ($84,431.25), and then subtracting the $18,975.00 that Plaintiff now offers as a voluntary reduction.  The voluntary reduction includes any fees related solely to Plaintiff's efforts to have the Lawsuit remanded to the 68th District Court, Dallas County, Texas.  Decl. of C. Gregory Shamoun at 4-5 ¶ 13.

remand; (7) drafting Plaintiff's Application for Attorneys' Fees and Expenses; and (8) drafting the Declaration of C. Gregory Shamoun.  Decl. of C. Gregory Shamoun at 7-8 ¶ 20.

2.  ***Plaintiff is Entitled to Its Reasonable and Necessary Expenses in the Amount of $5,042.56.***

The total amount of reasonable and necessary costs for copies and electronic legal research fees related to Plaintiff's efforts to have the Lawsuit remanded to the 68th District Court, Dallas County, Texas is $5,042.46, the History Bill for which is attached to Mr. Shamoun's Declaration as "Exhibit A-2."  Decl. of C. Gregory Shamoun at 4-5 ¶¶ 12-13.

### III.
### CONCLUSION & PRAYER

For the foregoing reasons, Plaintiff respectfully requests the Court award Plaintiff its reasonable and necessary attorneys' fees in the amount of $65,456.25, as well as its reasonable and necessary expenses in the amount of $5,042.56, for a total amount of fees and expenses of $70,498.81.  Plaintiff further respectfully requests the Court grant Plaintiff all additional relief to which it is entitled.

Respectfully submitted,

SHAMOUN & NORMAN, LLP

By:    */s/ C. Gregory Norman*
**C. Gregory Shamoun**
State Bar No. 18089650
Email: g@snlegal.com
**Brian K. Norman**
State Bar No. 00797161
Email: bkn@snlegal.com
**Michael L. Hood**
State Bar No. 09943435
Email: mhood@snlegal.com
**David Jefrie Mizgala**
**State Bar No. 24031594**
Email: djm@snlegal.com
SHAMOUN & NORMAN, LLP
1800 Valley View Lane, Suite 200
Farmers Branch, Texas 75234
Telephone: (214) 987-1745
Facsimile: (214) 521-9033

**ATTORNEYS FOR PLAINTIFF**
**SHAMOUN & NORMAN, LLP**

## CERTIFICATE OF SERVICE

I certify on January 21, 2026, I served a true and correct copy of Plaintiff's Motion for Attorneys' Fees and Expenses on all counsel of record.

*/s/ David J. Mizgala*
David Jefrie Mizgala

490007v1

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMOUN & NORMAN, LLP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.3:25-cv-423-N |
| | § | |
| GENERAL RADAR CORP., | § | |
| DMITRY TURBINER, JOHN DOE I, | § | |
| JOHN DOE II, | § | |
| | § | |
| Defendants. | § | |

DECLARATION OF C. GREGORY SHAMOUN

1.      "My name is C. Gregory Shamoun.  I am over the age of twenty-one (21) years, have never been convicted of a felony or a crime involving moral turpitude, and am fully competent to testify in all respects.  My business address is 1800 Valley View Lane, Suite 200, Farmers Branch, Texas 75234, United States of America.  My date of birth is February 23, 1961.

2.      I am the president of C. Gregory Shamoun, P.C., which is a partner in the law firm of Shamoun & Norman, LLP ("S&N").  As an authorized representative of S&N, my duties and responsibilities include being personally familiar with certain documents, agreements and contracts of S&N.  I have reviewed the files, records, invoices, and copies of same that are relevant to this matter and have reviewed the pleadings pertaining to the removal action, styled *Shamoun & Norman, LLP v. General Radar Corp., Dmitry Turbiner, John Doe I, and John Doe II*, Civil Action No. 3:25-CV-432-N, in the United States District Court for the Northern District of Texas, Dallas Division (the "Lawsuit") and the state-court action, *Shamoun & Norman, LLP v. General Radar Corp., Dmitry Turbiner, John Doe I, and John Doe II*, 68th District Court, Dallas, Dallas

County, Texas (the "State-Court Action") (Lawsuit and State-Court Action are collectively, the "Matter"). I am the lead trial attorney for Plaintiff Shamoun & Norman, LLP ("Plaintiff") in the State-Court Action. As a result of my personal involvement in the Matter and my familiarity with the files, records, invoices and documents related to it, I have personal knowledge of the facts stated herein.

3.     I am an attorney licensed to practice law in the State of Texas since 1989 and have practiced law in the State of Texas continuously from that date to the present. Additionally, I have been licensed to practice law in the State of New York since 2007. I am also admitted to appear before the United States Supreme Court, the U.S. Court of Appeals for the Fifth Circuit, and the U.S. District Courts for the Northern, Eastern and Western Districts of Texas, as well as the Northern, Southern, Eastern and Western Districts of New York.

4.     Since I began practicing law, I have primarily been engaged in litigation matters. I have been lead counsel in arbitrations, and jury and non-jury trials in federal and state courts. I have experience and knowledge in the areas of commercial litigation, business disputes, construction disputes, as well as the legal and factual issues relating to them because of my devotion to these areas of law. I have tried multiple cases to verdict in the commercial and business litigation areas of law. Further, my trial and appellate experience has involved trials and appeals in commercial, business, collections, and other civil litigation matters, in addition to mandamus or other original proceedings in the courts of appeals and before the Texas Supreme Court. Additional information regarding my experience and professional achievements can be found on Shamoun & Norman, LLP's website, available at www.snlegal.com, which describes those matters in greater detail.

5.       I practice law across the country and in numerous counties and metropolitan areas in Texas, including in Dallas County, Texas, and within the Northern District of Texas, Dallas Division, where the Lawsuit is pending.  In my experience, in the Dallas-Fort Worth legal market, partners with over 20 years' experience bill up to $1,350.00 per hour, which is significantly lower than national rates, which exceed $2,000.00 per hours; associates in the Dallas-Forth Worth legal market with over 20 years' experience bill up to $750.00 per hour, which is significantly lower than national rates, which exceed $1,000.00 per hour.

6.       I am familiar with prosecuting and defending against lawsuits asserting claims like those Plaintiff brought in this case.  I am also familiar with the character and the amount of legal work traditionally expended in bringing and defending such an action, as well as the fees normally charged.  I also have personal knowledge, through my practice and through litigation, of the fees commonly and customarily charged in Dallas for legal services rendered in connection with commercial litigation and breach of contract matters.

7.       This case has been handled by S&N on an hourly basis, billing in .25 hourly increments.  As such, all attorneys and staff are required to keep accurate records as to the hours they spent working on the case.  I am familiar with the average, customary, and reasonable hourly rates charged by attorneys in Dallas with our experience and expertise.

8.       I have worked on litigation and arbitration matters in the past that have involved the same or similar issues as those that exist in the case at bar.  I have personal knowledge of the activities conducted in this Matter since its inception.

9.       My duties and responsibilities include being personally familiar with all client files, and certain documents, agreements and contracts of S&N pertaining to each of its clients.  As counsel in the above-styled and numbered cause, I have care, custody, and control of the records

concerning Plaintiff. I have personal knowledge of and/or have reviewed and am familiar with, without limitation, all documents and correspondences drafted, served and/or filed, the pleadings and motions filed and all such documents and pleadings filed in response to such pleadings and motions, and the meetings and conferences conducted in relation to the Lawsuit. I have also reviewed and am familiar with the applicable billing statements/invoices generated and accrued by S&N throughout this case.

10.    My opinions herein are based upon my personal involvement and knowledge of the materials and activities in the case, my review of the billing statements, as well as based upon my education, training, and experience.

11.    Throughout its engagement, S&N prepared regular statements of account setting forth and detailing the time and expenses incurred in rendering legal services in the Lawsuit (the "Invoices"). The Invoices reflect a description of the legal services rendered by S&N in the Lawsuit, the identification of the individual who rendered such legal services, the hourly rates charged for such legal services, the fees associated with those legal services, and the reimbursable costs and expenses related to the rendering of those legal services. True and correct copies of the Invoices are attached hereto as Exhibit "1."

12.    The expenses associated with the Lawsuit for the same time period were incurred primarily from printing copies, and research conducted on Westlaw. A true and correct copy of the History Bill for expenses is attached hereto as Exhibit "2."

13.    By its Motion for Attorneys' Fees and Expenses, Plaintiff seeks an award of $65,456.25 in attorneys' fees as the prevailing party, which is the amount billed by S&N from the time of removal on February 21, 2025 through January 20, 2026 ($84.431.25), and then subtracting the $18,975.00 that Plaintiff now offers as a voluntary reduction. The voluntary reduction includes

any fees related solely to Plaintiff's efforts to have the State-Court Action remanded to the 68th District Court, Dallas County, Texas. The total amount of costs Plaintiff seeks for copies and electronic legal research fees related to Plaintiff's efforts to have the Lawsuit remanded to the 68th District Court, Dallas County, Texas is $5,042.56, are reflected in, and evidenced by, the History Bill attached hereto.

14.    Each month a prebill was generated for this case, was provided to my law partner, Brian K. Norman, who was responsible for the initial review of the prebills. I then independently reviewed the prebills as a further prophylactic against overbilling and redundant or otherwise unnecessary work. As appropriate, Mr. Norman and I made write-offs or reduced the number of hours billed for a billing entry. These reductions are not reflected on the final invoices that are sent to the client. Based on my knowledge of the write-offs, reductions, and discounts applied, it is my opinion that a reasonable and customary amount of the actual fees were discounted in the exercise of billing judgment.

15.    The primary attorneys working on this case have been Mr. Norman, whose hourly rate is $1,000.00, and David Jefrie Mizgala, whose hourly rate is $575.00.[1] Together they accounted for more than 85% of the attorney time billed. Mr. Norman is an attorney licensed to practice in the States of Texas, New York, and the District of Columbia, and is in good standing. He is also admitted to practice before the U.S. District Court for the Northern District of Texas, the U.S. District Court for the Eastern District of Texas, the U.S. District Court for the Southern District of Texas, the U.S. Court of Appeals for the Fifth Circuit, the U.S. Court of Appeals for the Eleventh Circuit, and the U.S. Supreme Court. Mr. Norman has 29 years of litigation experience

---

[1] The other attorneys working on this case were senior associates Michael L, Hood and Russel DePalma, whose billing rates are $575.00 per hour. Paralegal Sarah Carattini-Garcia, who billing rate is $475.00 per hour, also worked on this case.

in complex cases in both state and federal courts, including as lead counsel for four of the thirty-seven defendants in MDL 2406, *In re Blue Cross Blue Shield Antitrust Litigation*.  Mr. Mizgala is an attorney licensed to practice in the State of Texas, and is in good standing.  Mr. Mizgala is also admitted to practice before the United States District Court for the Northern District of Texas, the United States District Court for the Southern District of Texas, the United States District Court for the Eastern District of Texas, the United States District Court for the Western District of Texas, the U.S. Court of Appeals for the Fifth Circuit, and the U.S. Supreme Court.  Mr. Mizgala has 24 years litigation experience in complex cases in both state and federal courts.

16.    It is my opinion, based upon my personal involvement and knowledge of the materials and activities in this Lawsuit, my review of all the pleadings, motions, responses, and replies filed in the Lawsuit, my review of the billing statements, as well as based upon my education, training and experience, and knowledge of the Dallas market for litigation services in commercial disputes, that the attorneys' fees associated with the legal services rendered and the reimbursable costs and expenses related to the rendering of those legal services, incurred by Plaintiff in the Lawsuit, are reasonable and necessary, and within the usual and customary rates with those normally charged by other attorneys for similar matters in Dallas County, Texas, during the time periods that the work and services were in fact provided.

17.    Though the Court's Order remanding the State-Court Action to the 68th District Court, Dallas County, Texas rests solely on Defendants' untimely filing of their Notice of Removal, the vast majority of the Defendants' 28-page Response in Opposition to Plaintiff's Motion to Remand, Docket No. 13, rested on Defendants' contention that Plaintiff fraudulently joined Defendant Turbiner for the sole purpose of defeating diversity jurisdiction.   More particularly, Defendants contended:  (a) Plaintiff's fraud claim failed to satisfy the heightened

pleading standard required by Federal Rule of Civil Procedure 9(b), even though Plaintiff initiated the State-Court Action in the District Court for the State of Texas, 68th Judicial District; (b) Plaintiff's claim under the Texas Uniform Fraudulent Transfer Act failed to plead a factual basis to support such claim; and (c) Plaintiff's alter ego theory of liability was without merit. Each contention required analysis of Defendants' referenced legal authority, as well as for independent grounds to refute Defendants' contentions.

18.    My opinion of the reasonableness and necessity of the fees is also based upon the following factors, set forth in *Johnson v. Ga. Highway Express*, 488 F.2d 714 (5th Cir. 1974) and used in the courts of the Fifth Circuit: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to properly perform the legal service; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of counsel; (10) the desirability of the case; (11) the duration and nature of the professional relationship with the client; and (12) awards in similar cases.

19.    Through my involvement in the case, I have had personal knowledge of each attorney and legal assistant who has performed work and services in the case and that each attorney and legal assistant was qualified through education, training, and work experience to perform the work and services. I have personal knowledge that all substantive legal services that were performed by legal assistants were performed under the direction and supervision of an attorney. The nature of the legal work and services performed by legal assistants, the hourly rate charged for the work and services of legal assistants, and the number of hours expended by legal assistants was reasonable, based, among other things, upon the factors, as applicable, considered above.

20.     The tasks S&N performed were made necessary because of Defendants' removal of the State-Court Action from the 68th District Court, Dallas County, Texas.  Among other things, the tasks S&N performed, made necessary by Defendants, include:

> Research and analysis of removal issues;
>
> Review and analysis of Defendants' Notice of Removal [Dkt. No. 1] and First Amended Notice of Removal [Dkt. No. 9];
> Research and drafting Plaintiff's Motion to Remand [Dkt. No. 6] and Plaintiff's Response to Defendants' First Amended Notice of Removal [Dkt. No. 10];
>
> Review and analysis of Defendants' Response in Opposition to Plaintiff's Motion to Remand [Dkt. No. 13];
>
> Research and drafting of Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand [Dkt. No. 18];
>
> Drafting the form Order for remand;
>
> Drafting Plaintiff's Application for Attorneys' Fees and Expenses;
>
> Drafting this Declaration; and
>
> Drafting Plaintiff's Motion for Attorneys' Fees and Expenses.

21.     The fees and expenses sought by Plaintiff are equitable and just, in addition to being reasonable and necessary, because:  (a) Defendants removed the State-Court Action in disregard of the statutory removal deadline, thereby forcing Plaintiff to incur the expense of moving to remand the State-Court Action to the 68th District Court, Dallas, Dallas County, Texas; and (b) Defendants resisted remand after Plaintiff conclusively established Defendants' untimely removal was without justification or excuse.

22.     With respect to Exhibits 1 and 2 attached to my Declaration, I am a custodian of the records for S&N, and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.  Exhibits 1 and 2 to my Declaration are true and correct and were made at or near the time of each act, event, condition, opinion or diagnosis

set forth.  The records were made by, or from information transmitted by, persons with knowledge of the matters set forth.  Exhibits 1 and 2 to my Declaration were created in the regular course of conducting the law firm's business in the Lawsuit.  It is the regular practice of the business activity of S&N, to make a summary report and billing reports of this kind, and a copy of the summary report and billing reports were kept in the course of regularly conducted business activity.  The records attached as Exhibits 1 and 2 to my Declaration are the original or exact duplicates of the originals."

***** REMAINDER OF PAGE LEFT BLANK *****

I testify under the penalty of perjury that all of the foregoing facts are true and correct.

Executed in Dallas County, State of Texas, on the 21st day of January, 2026.

*/s/ C. Gregory Shamoun*
C. Gregory Shamoun

489872v2

Exhibit A-1

# History Bill

Date:  1/21/2026

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|------|-------|-----|-------------|---------|--------|
| Gregory Shamoun | | | Client No.    2794 | | |
| SN/GEN RAD | | | Matter No.    2794 | | |
| 2/21/2025 | BKN | T | Review memorandum from D. Mizgala regarding late removal. | 0.25 | $250.00 |
| 2/21/2025 | DJM | T | Review/analyze Defendants' Notice of Removal; Draft/revise Motion to Remand and Brief In Support. | 1 | $575.00 |
| 2/21/2025 | BKN | T | Memorandum to D. Mizgala regarding Motion to Remand. | 0.25 | $250.00 |
| 2/24/2025 | DJM | T | Draft/Revise Email to B. Nelson and M. Hood regarding exceptions to 30-day requirement for notice of removal. | 0.5 | $287.50 |
| 2/24/2025 | DJM | T | Draft/revise Plaintiff's Motion to Remand. | 0.25 | $143.75 |
| 2/24/2025 | DJM | T | Draft/revise Plaintiff's Brief in Support of Motion to Remand. | 1 | $575.00 |
| 2/24/2025 | BKN | T | Review and respond to memorandum from D. Mizgala regarding removability exceptions. | 0.5 | $500.00 |
| 3/03/2025 | DJM | T | Draft/revise Plaintiff's Initial Disclosures. | 1.75 | $1,006.25 |
| 3/04/2025 | DJM | T | Review/analyze legal authority cited in Defendants' Notice of Removal. | 5 | $2,875.00 |
| 3/05/2025 | DJM | T | Review/analyze legal authority cited in Defendants' Notice of Removal. | 0.5 | $287.50 |
| 3/06/2025 | BKN | T | Memorandum to D. Mizgala regarding deadline calculations. | 0.25 | $250.00 |
| 3/06/2025 | DJM | T | Review/analyze legal authority cited in Defendants' Notice of Removal. | 2.25 | $1,293.75 |
| 3/06/2025 | DJM | T | Review/analyze Texas law regarding Texas Uniform Fraudulent Transfer Act claims challenged in Defendants' Notice of Removal. | 3 | $1,725.00 |
| 3/07/2025 | DJM | T | Review/analyze Texas law regarding Texas Uniform Fraudulent Transfer Act claims challenged in Defendants' Notice of Removal. | 2.5 | $1,437.50 |
| 3/07/2025 | DJM | T | Draft/revise Memorandum in Support of Motion to Remand. | 0.25 | $143.75 |
| 3/07/2025 | DJM | T | Review/Analyze Defendants' legal authority cited in Notice of Remand. | 4.25 | $2,443.75 |
| 3/10/2025 | DJM | T | Review/analyze legal authority cited in Defendants' Notice of Removal. | 1.75 | $1,006.25 |
| 3/10/2025 | DJM | T | Review/analyze Texas law regarding vice principal liability under Texas Business & Commerce Code. | 1 | $575.00 |
| 3/10/2025 | DJM | T | Review/analyze Texas Uniform Fraudulent Transfer Act provisions. | 1.5 | $862.50 |
| 3/11/2025 | DJM | T | Review/analyze Defendants' legal authority cited in support of its Notice of Removal. | 3.75 | $2,156.25 |
| 3/11/2025 | DJM | T | Review/analyze Texas Uniform Fraudulent Transfer Act provisions. | 1 | $575.00 |

# History Bill

Date:  1/21/2026

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|------|-------|-----|-------------|---------|--------|
| 3/12/2025 | DJM | T | Review/analyze Texas' Uniform Fraudulent Transfer case law regarding badges of fraud to be used to pierce the corporate veil. | 1 | $575.00 |
| 3/13/2025 | DJM | T | Draft/revise Memorandum in Support of Motion to Remand. | 2.5 | $1,437.50 |
| 3/15/2025 | DJM | T | Draft/revise Memorandum in Support of Motion to Remand. | 5 | $2,875.00 |
| 3/17/2025 | DJM | T | Draft/revise Memorandum in Support of Motion to Remand. | 5.25 | $3,018.75 |
| 3/18/2025 | BKN | T | Review draft Motion to Remand. | 0.5 | $500.00 |
| 3/18/2025 | DJM | T | Draft/revise Memorandum in Support of Motion to Remand. | 6.75 | $3,881.25 |
| 3/19/2025 | DJM | T | Finalize/file Motion to Remand and Brief in Support. | 0.75 | $431.25 |
| 3/20/2025 | DJM | T | Draft/revise/file Plaintiff's Adoption of Defendants' Certificate of Interested Persons. | 0.25 | $143.75 |
| 3/20/2025 | BKN | T | Conference with D. Mizgala regarding Certificate of Interested Persons review filed Certificate. | 0.25 | $250.00 |
| 4/21/2025 | BKN | T | Review Order regarding Amended Motion to Remand; correspondence with D. Mizgala regarding same. | 0.25 | $250.00 |
| 5/05/2025 | BKN | T | Review Amended Notice of Removal. | 0.25 | $250.00 |
| 5/06/2025 | DJM | T | Review/respond to email from B. Norman regarding Defendants' First Amended Notice of Removal. | 0.25 | $143.75 |
| 5/06/2025 | DJM | T | Draft/revise B. Norman affidavit. | 1.25 | $718.75 |
| 5/07/2025 | BKN | T | Review proposed affidavit; memorandum to D. Mizgala regarding comments. | 0.5 | $500.00 |
| 5/07/2025 | DJM | T | Draft/revise Plaintiff's Response to Defendants' First Amended Notice of Removal. | 0.75 | $431.25 |
| 5/08/2025 | SCG | T | Preparation of electronic filing regarding response to amended notice as requested by D.Mizgala. | 0.5 | $237.50 |
| 5/08/2025 | BKN | T | Correspondence to D. Mizgala regarding Declaration comments; review and execute Declaration. | 0.5 | $500.00 |
| 5/08/2025 | DJM | T | Draft/send email to B. Norman regarding his affidavit in support of Plaintiff's Response to Defendants' First Amended Notice of Removal. | 0.25 | $143.75 |
| 5/08/2025 | DJM | T | Finalize/file Plaintiff's Response to Defendants' First Amended Notice of Removal. | 0.5 | $287.50 |
| 5/12/2025 | BKN | T | Review Lynn Pinker correspondence to A. Gentry. | 0.25 | $250.00 |
| 5/12/2025 | BKN | T | Review correspondence from A. Gentry regarding response to Motion for Remand. | 0.25 | $250.00 |
| 6/02/2025 | DJM | T | Review/analyze Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 0.5 | $287.50 |
| 6/02/2025 | DJM | T | Review/analyze legal authority cited in Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 1.5 | $862.50 |
| 6/09/2025 | DJM | T | Research/analyze case law regarding grounds found insufficient to support untimely filing of removal notice. | 3.75 | $2,156.25 |

# History Bill

Date: 1/21/2026

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|------|-------|-----|-------------|---------|--------|
| 6/09/2025 | | | | | |
| 6/09/2025 | DJM | T | Review/analyze case law cited in Defendants' Notice of Removal. | 2.75 | $1,581.25 |
| 6/10/2025 | DJM | T | Review/analyze case law cited in Defendants' Notice of Removal. | 3.5 | $2,012.50 |
| 6/10/2025 | DJM | T | Draft/revise Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 3.25 | $1,868.75 |
| 6/11/2025 | BKN | T | Review correspondence from M. Hood regarding extension for Reply. | 0.25 | $250.00 |
| 6/11/2025 | DJM | T | Review/analyze case law in support of Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 4 | $2,300.00 |
| 6/11/2025 | MLH | T | Conferences with David Mizgala regarding strategy for Reply, deadline to file Reply and request to extend deadline to file Reply by one week; Correspondence with counsel for GenRad regarding agreement to one week extension to file Reply. | 0.5 | $287.50 |
| 6/11/2025 | DJM | T | Draft/revise Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 1 | $575.00 |
| 6/11/2025 | DJM | T | Draft/respond to emails to B. Nelson and M. Hood regarding request for extension of time to file Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand; confer with opposing counsel regardinding same. | 0.5 | $287.50 |
| 6/11/2025 | DJM | T | Confer with court clerk regarding extension of deadline to file Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 0.25 | $143.75 |
| 6/11/2025 | DJM | T | Draft/revise Motion for Extension of Time to File Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 0.75 | $431.25 |
| 6/12/2025 | DJM | T | Review/analyze case law in support of Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 1.25 | $718.75 |
| 6/12/2025 | DJM | T | Draft/revise Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 3 | $1,725.00 |
| 6/12/2025 | DJM | T | Review/analyze Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 0.5 | $287.50 |
| 6/16/2025 | BKN | T | Review Order granting extension of time. | 0.25 | $250.00 |
| 6/16/2025 | DJM | T | Draft/revise Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 0.5 | $287.50 |
| 6/17/2025 | DJM | T | Draft/revise Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 2.5 | $1,437.50 |
| 6/17/2025 | DJM | T | Review/analyze Texas and federal case law regarding grounds for removal and remand. | 3 | $1,725.00 |

# History Bill

Date:  1/21/2026

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|------|-------|-----|-------------|---------|--------|
| 6/17/2025 | | | | | |
| 6/18/2025 | BKN | T | Review additional correspondence regarding a further extension of time to file a Reply in Support of Motion to Remand. | 0.25 | $250.00 |
| 6/18/2025 | DJM | T | Draft/revise Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 1.75 | $1,006.25 |
| 6/18/2025 | DJM | T | Review/analyze Texas and federal case law regarding grounds for removal and remand. | 2.75 | $1,581.25 |
| 6/18/2025 | DJM | T | Draft/revise Second Unopposed Motion for Extension of Time to File Reply to Defendants' Opposition to Plaintiff's Motion to Remand. | 0.25 | $143.75 |
| 6/19/2025 | DJM | T | Review/analyze Texas and federal case law regarding grounds for removal and remand. | 1.75 | $1,006.25 |
| 6/19/2025 | DJM | T | Draft/revise Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 3.5 | $2,012.50 |
| 6/20/2025 | DJM | T | Draft/revise Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 1 | $575.00 |
| 6/20/2025 | DJM | T | Review/analyze Texas and federal case law regarding grounds for removal and remand. | 3 | $1,725.00 |
| 6/23/2025 | DJM | T | Draft/revise Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 1 | $575.00 |
| 6/23/2025 | DJM | T | Review/analyze Texas and federal case law regarding grounds for removal and remand. | 3 | $1,725.00 |
| 6/24/2025 | DJM | T | Draft/revise Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 2 | $1,150.00 |
| 6/24/2025 | DJM | T | Review/analyze Texas and federal case law regarding grounds for removal and remand. | 3 | $1,725.00 |
| 6/25/2025 | DJM | T | Draft/revise Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand. | 4 | $2,300.00 |
| 6/25/2025 | DJM | T | Review/analyze Texas and federal case law regarding grounds for removal and remand. | 0.25 | $143.75 |
| 6/25/2025 | BKN | T | Review and provide comments to Reply ISO of Motion to Remand. | 0.5 | $500.00 |
| 8/17/2025 | DJM | T | Review case file, and scheduled discovery deadlines. | 1.25 | $718.75 |
| 8/17/2025 | BKN | T | Review memorandum from M. Hood regarding Initial Disclosures; brief legal research regarding same; respond to same. | 0.5 | $500.00 |
| 8/18/2025 | DJM | T | Review/analyze federal rules of civil procedure regarding scheduling order requirements and deadlines; prepare email to B. Norman and M. Hood re same. | 0.75 | $431.25 |
| 12/01/2025 | BKN | T | Review and respond to correspondence from Court regarding remand issue. | 0.25 | $250.00 |

# History Bill

Date: 1/21/2026

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|------|-------|-----|-------------|---------|--------|
| 12/01/2025 | | | | | |
| 1/08/2026 | DJM | T | Review/analyze Judge Godbey's Order remanding the lawsuit to state court; Request costs, fees, and expenses report from N. Martinez to begin preparing declaration and motion to recover such costs/fees/expenses pursuant to the Court's Order. | 0.25 | $143.75 |
| 1/15/2026 | DJM | T | Draft/revise Declaration of C. Gregory Shamoun in support of application for attorneys' fees. | 2 | $1,150.00 |
| 1/16/2026 | DJM | T | Review/analyze B. Norman's revisions and comments to Declaration of C. Gregory Shamoun in support of application for attorneys' fees. | 0.25 | $143.75 |
| 1/16/2026 | BKN | T | Review and provide comments to Attorneys' Fees Declaration. | 0.5 | $500.00 |
| 1/19/2026 | DJM | T | Review/analyze local federal rules regarding submissions for requests for attorneys' fees; review/analyze Northern District of Texas case law regarding recovering fees for improper removal; Declaration of C. Gregory Shamoun in support of application for attorneys' fees. | 2.75 | $1,581.25 |
| 1/19/2026 | DJM | T | Review/analyze billing statements for purposes of calculating amount of attorneys fees recoverable under the loadstar method; calculate amount of fees to request. | 2 | $1,150.00 |
| 1/20/2026 | RJD | T | Revising and editing declaration in support of attorney fee application. | 1 | $575.00 |
| 1/20/2026 | BKN | T | Office conference with D. Mizgala regarding revised Attorneys' Fees Declaration. | 0.25 | $250.00 |
| 1/20/2026 | DJM | T | Draft/revise Declaration of C. Gregory Shamoun in Support of Motion for Attorneys' Fees and Expenses; review/analyze federal rules and authority re requirements for attorneys' fees affidavit. | 4 | $2,300.00 |
| 1/20/2026 | BKN | T | Review revised Attorneys' Fees Declaration. | 0.25 | $250.00 |
| 1/20/2026 | DJM | T | Draft/revise Motion to Attorneys' Fees and Expenses. | 4 | $2,300.00 |
| | | | Subtotal | 141.75 | $84,431.25 |
| | | | **Total** | 141.75 | **$84,431.25** |
| | | | **Total Time and Expenses** | **141.75** | **$84,431.25** |

Exhibit A-2

# History Bill

Date: 1/21/2026

| Date | Staff | T/E | Description | | | Dur/Qty | Amount |
|------|-------|-----|-------------|---|---|---------|--------|
| Gregory Shamoun | | | | Client No. | 2794 | | |
| SN/GEN RAD | | | | Matter No. | 2794 | | |
| 2/28/2025 | EXP | E | COPIES | | | 1 | $39.75 |
| 2/28/2025 | EXP | E | Westlaw Research Charges | | | 1 | $1,250.96 |
| 3/31/2025 | EXP | E | Westlaw Research Charges | | | 1 | $1,401.28 |
| 3/31/2025 | EXP | E | COPIES | | | 1 | $171.50 |
| 6/30/2025 | EXP | E | Westlaw Research Charges | | | 1 | $1,747.87 |
| 6/30/2025 | EXP | E | COPIES | | | 1 | $205.25 |
| 8/31/2025 | EXP | E | Westlaw Research Charges | | | 1 | $225.95 |
| | | | | Subtotal | | 7.00 | $5,042.56 |
| | | | | **Total** | | 7.00 | **$5,042.56** |
| | | | **Total Time and Expenses** | | | **7.00** | **$5,042.56** |