**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SHAMOUN & NORMAN, LLP, § | |
|     *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:25-CV-00423-N |
| § | |
| GENERAL RADAR CORP., § | |
| ET AL. § | |
|     *Defendants.* § | |

**DEFENDANTS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND EXPENSES**

Defendants General Radar Corp. and Dmitry Turbiner submit this Supplemental Response to add an additional and independent ground for denying Plaintiff's fee request: Plaintiff, a law firm representing itself, has not shown that it "incurred" any attorneys' fees and therefore cannot recover them under the Court's fee-shifting authority.

**I.     Plaintiff Cannot Recover Fees It Did Not "Incur"**

Section 1447(c) permits recovery only of "just costs and any actual expenses, including attorney fees, *incurred* as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). The United States Supreme Court and the Fifth Circuit have repeatedly held that fee-shifting statutes requiring that fees be "incurred" preclude recovery where the prevailing party did not pay – or become legally obligated to pay – an independent attorney.

In *Kay v. Ehrler*, the Supreme Court held that a lawyer who represents himself is not entitled to recover attorneys' fees under a federal fee-shifting statute because such statute contemplates an attorney-client relationship and furthers the statutory policy of successful prosecution of meritorious claims. 499 U.S. 432, 435–38 (1991). The Court found that policy is best served by a rule that incentives parties to retain counsel in every case because "even a skilled lawyer who represents himself is at a disadvantage" due to ethical considerations that may make it inappropriate for him to appear as a

1

witness and because he is "deprived of the judgment of an independent third party". *Id*.

The Fifth Circuit has also consistently applied this rule across fee-shifting statutes, emphasizing that attorneys' fees must be "incurred" through payment or a legal obligation to pay another. *See*, e.g., *Gahagan v. U.S. Citizenship & Immigr. Servs.*, 911 F.3d 298, 302–04 (5th Cir. 2018) (holding that attorneys appearing pro se are ineligible for attorney-fee awards under FOIA because fees were not "incurred" as required under the statute).

Accordingly, Plaintiff bears the burden to demonstrate that the attorneys' fees it seeks were actually "incurred" – that is, Plaintiff became liable to pay compensation to an attorney for services rendered to Plaintiff as the client, rather than for work the firm performed for itself without any corresponding payment obligation. Plaintiff's submission provides no evidence establishing that Plaintiff, as client, incurred an obligation to pay fees to counsel distinct from itself. This omission is dispositive under the "incurred" requirement. Where, as here, the law firm is both client and counsel, and no independent attorney-client relationship exists, no fees are "incurred." *See Gahagan*, 911 F.3d at 303–04 (rejecting fee recovery where no payment obligation existed); *see also Kay*, 499 U.S. at 435–36.

Plaintiff's reliance on internal time entries and undisclosed "discounts" does not satisfy the "incurred" standard. Without evidence that Plaintiff became liable to pay those charges as a client those amounts are not "actual expenses" incurred "as a result of the removal."

Because Section 1447(c) expressly limits recovery to "actual expenses… incurred," even apart from the excessive and unreasonable nature of Plaintiff's demand addressed in Defendants' principal response, the Court should deny Plaintiff's fee request in full because Plaintiff has not demonstrated that any attorneys' fees were "incurred."

Dated: January 28, 2026                                    Respectfully submitted,

        */s/ Philip Robert Brinson*
        Philip Robert Brinson
        Federal Bar No. 16803
        TransWestern Tower
        1900 West Loop South, Suite 1000
        Houston, Texas 77027
        (713) 490-4834 (Telephone)
        (713) 961-3938 (Facsimile)
        prbrinson@grsm.com

        **Soña J. Garcia**
        Texas Bar No. 24045917
        2200 Ross Ave., Ste. 3700
        Dallas, Texas 75201
        (214) 231-4741
        sjgarcia@gordonrees.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that on January 28, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    C. Gregory Shamoun
    Brian K. Norman
    Michael L. Hood
    Jason Vanacour
    SHAMOUN & NORMAN, LLP
    1800 Valley View Lane, Suite 200
    Farmers Branch, Texas 75234

        */s/ Philip Robert Brinson*
        Philip Robert Brinson