IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMOUN & NORMAN LLP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-423-N |
| | § | |
| GENERAL RADAR CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Shamoun & Norman LLP's ("S&N") motion for attorney's fees [20].   For the following reasons, the Court grants the motion, but awards reduced fees as specified below.

## I. ORIGINS OF MOTION

On December 27, 2024, S&N filed its Original Petition against Defendants General Radar Corp. ("General") and Dmitry Turbiner in Texas state court.   Pl.'s Mot. Remand 5 [6].   In its Petition, S&N alleged General failed to comply with two payment agreements. *Id*.   General removed on February 20, 2025.   Notice of Removal [1].   S&N moved to remand.   Pl.'s Mot. Remand.   The Court found General's removal was untimely and ordered a briefing schedule for attorney's fees.   Order (January 7, 2026) [19].   S&N now moves for its fees for its time and costs associated with this removal action.

## II. LEGAL STANDARD FOR ATTORNEY'S FEES

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   28 U.S.C.

MEMORANDUM OPINION AND ORDER – PAGE  1

§ 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

If "the non-prevailing party is subject to paying the prevailing party's attorney's fees, the fees must be reasonable and necessary for success in prosecuting or defending the claim, and the award is intended to compensate the prevailing party generally for its legal representation." *Rohrmoos Venture v.UTSW DVA Healthcare*, 578 S.W.3d 469, 496 (Tex. 2019). To determine the reasonableness of an attorney's fees request, the court must first "determine a base lodestar figure based on reasonable hours worked multiplied by a reasonable hourly rate." *Id*. at 501. Then, the court may adjust the lodestar "if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case." *Id*. (quoting *El Apple I, Ltd. v. Olivas,* 370 S.W.3d 757, 760 (Tex. 2012)). Such factors include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

MEMORANDUM OPINION AND ORDER – PAGE 2

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). However, "considerations already incorporated into the base calculation may not be applied to rebut the presumption that the base calculation reflects reasonable and necessary attorney's fees." *Rohrmoos*, 578 S.W.3d at 501. A "claimant seeking an award of attorney's fees must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought." *Id.* at 501–02.

### III. S&N IS ENTITLED TO ATTORNEY'S FEES

S&N requests $65,456.26 in attorney's fees. The Court first determines whether S&N is entitled to attorney's fees under section 1447(c), then analyzes the reasonableness of S&N's attorney's fees request.

#### A. S&N May Seek Attorney's Fees for Representing Itself

As an initial matter, under Texas law, an attorney representing his own firm in an action against a client to recover legal fees can recover attorney's fees under section 1447(c). *Campbell, Athey & Zukowski v. Thomasson,* 863 F.2d 398 (5th Cir. 1989). This is because, "when an organization is represented by an attorney employed by the organization, the attorney has a status separate from the client." *Gold, Weems, Bruser, Sues & Rundell v. Metal Sales Mfg. Corp.*, 236 F.3d 214, 218–19 (5th Cir. 2000) (citing *Kay v. Ehrler*, 499 U.S. 432 (1991)).

Federal law also does not prohibit S&N from recovery of its fees. While the Supreme Court has denied requests for *pro se* attorneys in civil rights cases, it has explained that

MEMORANDUM OPINION AND ORDER – PAGE 3

there is no strong bias to award or not award attorney's fees in the context of section 1447(c).  *Martin*, 546 U.S. at 137.   This is because a different standard is "appropriate in [a civil right suit] because the civil rights defendant, who is required to pay the attorney's fees, has violated federal law."  *Id*. (citing *Flight Attendants v. Zipes,* 491 U.S. 754, 762 (1989) ("Our cases have emphasized the crucial connection between liability for violation of federal law and liability for attorney's fees under federal fee-shifting statutes.")).

In removal cases, "plaintiffs do not serve as private attorneys general when they secure a remand to state court, nor is it reasonable to view the defendants as violators of federal law. . . . [T]he removal statute grants defendants a right to a federal forum." Moreover, a "plaintiff's delay in seeking remand . . . may affect the decision to award attorney's fees.  *Id*.   Thus, the fact that attorneys at S&N represented S&N does not bar it from seeking attorney's fees and expenses.

### B.  *General Lacked an Objectively Reasonable Basis*

Because General concedes it knew it was two days late, General did not have an objectively reasonable basis for seeking removal.   As discussed in the Court's prior order, General removed thirty-five days after receipt of pleadings or summons.   Order 1 (January 7, 2026).   The Court also found that any calendaring error was not excusable neglect.  *See Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. 2013) (unpub.). Thus, the Court finds that General lacked an objectively reasonable basis for removal and grants S&N's request for the costs and fees.

MEMORANDUM OPINION AND ORDER – PAGE  4

### IV. THE COURT AWARDS S&N REDUCED ATTORNEY'S FEES

#### A.  Reasonableness of Rates

Next, the Court analyzes the reasonableness of S&N's requested billing rates. "Reasonable" billing rates are calculated according to the "prevailing market rates in the relevant community."  *Rohrmoos*, 578 S.W.3d at 493 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551–52 (2010)).  In addition to recovering attorney's fees, the prevailing party can recover reasonable fees for the work of paralegals.  *See Tite Water Energy, LLC v. Wild Willy's Welding LLC*, 2023 WL 5615816, at *11 (Tex. App. — Houston [1st Dist.] 2023, pet. denied) (mem. op.).

The Court decides that S&N's requested attorney rates are in line with prevailing market rates in the relevant community.   Recent decisions in this District indicate that the prevailing market rate in commercial litigation cases is around $400–$1,000 per hour for attorneys, increasing based on level of experience.  *See ICM US Operating, LLC v. Industrias Costa Mesa, S.A. de C.V.*, 2025 WL 1646592, at *7 (N.D. Tex. 2025) (describing prevailing market rates established in recent Northern District of Texas cases); *White Cap LP v. McSpadden*, 2024 WL 5440869, at *2 (awarding hourly rates between $445 and $705); *Megatel Homes, III, LLC v. Moayedi*, 2026 WL 32575, at *1 (N.D. Tex. 2026) (awarding hourly rate of $1,000 for lead attorney with over twenty years of experience).

Here, S&N proposes hourly rates between $575 and $1,000 for its attorneys, increasing based on level of experience.  *See* Pl.'s Mot. Br. 5–6.  The Court holds that the proposed rates are high, but reasonable, as the rates are consistent with the prevailing market rates for attorneys with similar levels of experience in the Dallas-Fort Worth legal

MEMORANDUM OPINION AND ORDER – PAGE  5

community.

### B. Reasonableness of Hours Billed

Courts "should obtain sufficient information to make a meaningful evaluation of the application for attorney's fees.   Charges for duplicative, excessive, or inadequately documented work should be excluded."   *El Apple*, 370 S.W.3d at 762.   General challenges the reasonableness of the hours S&N billed.   *See*   Def.'s Resp. 7–9.

The Court reduces the fee because the attorneys billed in quarter-hour increments rather than tenth-hour increments.   Many courts have reduced fees billed in quarter-hour increments.   *See, e.g.*, *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 181 (5th Cir. 2007) (affirming a 12.5% award reduction where the attorneys billed in quarter-hour increments).   A review of the invoices reveals some entries for which quarter-hour billing increments were excessive.   For example, S&N billed basic tasks, such as reviewing simple two-page documents or drafting short emails, in quarter-hour increments. *E.g.*, Ex. A-1, at 1.   Accordingly, the Court reduces the award by 12.5% to account for any inaccuracies in 15-minute billing increments.   This is a reduction of $8,182.03.

The Court also determines that a reduction in the number of hours billed is appropriate because certain entries were block billed.   Block billing refers to the process whereby an attorney enters all of the tasks spent on a case in a given day in one billing entry, as opposed to itemizing each task.   *See Fralick v. Plumbers & Pipefitters Nat. Pension Fund*, 2011 WL 487754, at *4 (N.D. Tex. 2011).   The concern with block billing is that it makes it more difficult for the Court to determine how much time was devoted to each task and whether the amount was reasonable.   Although a reduction for block billing

MEMORANDUM OPINION AND ORDER – PAGE 6

is not automatic, *Davis v. Perry*, 991 F. Supp. 2d 809, 836 (W.D. Tex. 2014) *supplemented*, 2014 WL 172119 (W.D. Tex. 2014), many courts reduce block billing to offset its potential negative effects. *Ceres Env't. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012); *see, e.g.*, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (approving a court's reduction of 20% to block billed entries).

Upon review of the entries in S&N's invoice, the Court finds that an amount of $9,112.50 was impermissibly block billed. *E.g.*, Pl.s Ex. A-1 at 1, 3, 5 ("Review/analyze Defendants' Notice of Removal; Draft/review Motion to Remand;" "Conferences with David Mizgala . . .; Correspondence with [opposing] counsel;" "[d]raft/revise Declaration . . .; review/analyze federal rules"). The Court will apply an across-the-board reduction of 20% to this amount, which results in a reduction of $1,822.50.

Additionally, some of the entries describe attorneys performing clerical work. The Fifth Circuit has cautioned that, in determining an appropriate attorney's fee award, the Court should consider whether the work performed was legal work in the strict sense or was merely clerical work that happened to be performed by a lawyer. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). "The hourly rate for attorneys should not be applied to clerical, secretarial or administrative work, since these are part of office overhead." *Omni USA, Inc. v. Parker-Hannifin Corp.*, 2014 WL 710386, at *5 (S.D. Tex. 2014). "It is well-settled that clerical or secretarial costs are part of an attorney's office overhead and are reflected in his billing rate." *Corman v. Lifecare Acquisitions Corp.*, 1998 WL 185517, at *2 (N.D. Tex. 1998).

Upon review of the entries objected to on this basis, the Court concludes that "[f]inalize/file Plaintiff's Response" and "[f]inalize/file Motion to Remand" are clerical tasks and reduces the fee amount by $718.75. *See* Pl.'s Ex. A-1 at 2. Additionally, S&N billed $143.75 to "[d]raft/revise/file Plaintiff's Adoption of Defendants' Certificate of Interest Persons." *Id.* This clerical entry, however, is block billed with permissible legal work, which the Court already reduced the entry by 20%. The Court will reduce this entry by an additional $15.00 to account for the clerical tasks. *See Merrick v. Scott*, 2011 WL 1938188, at *6 (N.D. Tex. 2011) (noting in a similar circumstance that "the court must approximate the proper reduction amount"). Thus, the Court reduces the total fee amount by $877.50 to account for clerical work.

General asserts that S&N billed for a paralegal performing clerical work as opposed to substantive legal work. To recover fees for work performed by nonattorneys, the evidence must show that the nonattorneys "performed substantive legal work under the direction and supervision of an attorney." *See El Apple*, 370 S.W.3d at 763. Clerical tasks include, among other things, reviewing court notices, filing documents, notifying clients and counsel of deadlines, reviewing court notices, scheduling, preparing filings, and maintaining files. *Meadows v. Latshaw Drilling Co.*, 2020 WL 291582, at *4 (N.D. Tex. 2020). Here, S&N requested a fee for noncompensable clerical work. Pl.'s Ex. A-1 at 2 ("Preparation of electronic filing regarding response to amended notice as requested by D. Mizgala."). Thus, the Court reduces the award by $237.50.

Next, the Court holds that the requested fees include entries for excessive work. For example, S&N requests fees for approximately sixty hours of work preparing a

response to the notice of removal and approximately sixty hours for a reply to its motion to remand.  *See* Pl.'s Ex. A-1.  "Many of the billing entries related to this filing are vague, such as "Draft/revise Plaintiff's Motion for Remand" and "Review/analyze case law in support of Plaintiff's Reply.[1]"  These descriptions do not provide enough information for the Court to conclude that the seemingly high number of hours spent on the response to the motion for remand were necessary.  The argument made here is that General was  a few days late to remove.  This does not warrant the excessive hours S&N attempted to bill for.  And indicates a lack of exercise of billing judgment that warrants an adjustment.  Thus, the Court reduces eighty-five percent of 84.75 hours of S&N's excessive (or inadequately documented) entries.  This is a reduction of $39,391.77.

Lastly, after reviewing the *Arthur Andersen* factors not incorporated into the base lodestar calculation, the Court determines that a further adjustment to the lodestar is warranted.  Accordingly, the Court awards S&N $14,944.96 in reduced attorney's fees.

### V.  THE COURT REDUCES S&N'S COSTS

S&N seeks $5,042.56 in expenses separate from its attorneys' fees.  Pl.'s Mot. Br. 7.  S&N's costs include $416.50 for "COPIES" and $4,626.06 for "WestLaw" legal research fees. *See* Pl.'s Ex. A-2.

The Court denies S&N's request for costs related to copies.  Costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity.  28

---

1  Mizgala's description in full is "[r]eview/analyze case law in support of Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand."  Pl.'s Ex. A-1 at 3.  Although the description includes specificity about the document he worked on, there is insufficient detail for the Court to determine the necessity of the work.

MEMORANDUM OPINION AND ORDER – PAGE  9

U.S.C. § 1920(4); *see also Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). However, charges for multiple copies of documents are not taxable as costs. *Fogelman v. Arabian American Oil Co.*, 920 F.2d 278, 286 (5th Cir. 1991). The prevailing party need not "identify every xerox copy made for use in the course of legal proceedings." *Id.* Here, there has been no effort to differentiate which portion of the copy costs were made for necessary use in litigation and which were mere duplication for attorney convenience. Accordingly, the Court denies the copy costs. *See Gonzales v. Pan Am. Lab'ys, L.L.C.*, 2018 WL 2321896, at *3 (N.D. Tex. 2018) ("[W]hile many of the photocopies here may have been necessarily incurred, without more information, the Court cannot discern which copies were necessary and which were not.") *R. & R. adopted by* 2018 WL 2317749 (N.D. Tex. 2018).

The Court also reduces the cost of electronic legal research fees on Westlaw. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (affirming the court's discretion in disallowing "costs associated with computerized legal research"); *Morguard, LLC v. Rowe*, 2020 WL 1479857, at *5 (N.D. Tex. 2020), *R. & R. adopted by* 2020 WL 1470967 (N.D. Tex. 2020). "Some district courts draw a distinction between costs incurred performing research (unrecoverable) and those sustained making copies of documents for use in litigation (recoverable)." *Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 2018 WL 3388766, at *2 n.2 (S.D. Tex. 2018) (Costa, J.) (citations omitted). This is because "[t]he overwhelming weight of authority in this and other circuits rejects the view that a party can recover costs for computerized legal research." *Id.*; *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 581-82 (W.D. Tex. 2010) (collecting cases).

MEMORANDUM OPINION AND ORDER – PAGE 10

Because S&N failed to meet its burden to show proof of necessity, the Court denies S&N its motion for $5,042.56 in costs.

## CONCLUSION

Because the Court determines that General's removal was objectively unreasonable, the Court awards S&N attorney's fees.   The Court awards S&N $14,944.96 in attorney's fees, to be paid jointly and severally by General and Turbiner no later than thirty (30) days after the date of this Order, unless superseded on appeal.

Signed June 22, 2026.

David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE  11